## UNITED WOODMEN BENEFIT ASSOCIATION *v.* THOMPSON.

### [77 South. 911, Division B.]

INSURANCE. *Benefit insurance. Liability. Sufficiency of evidence.*

In a suit against a benefit association on open account to recover a part of the benefit payable on the death of plaintiff's mother, the policy being payable to another son, plaintiff claimed that it was understood by the deceased and her two sons that her sons would share alike in the insurance on her life; and that after her death, the attorney of plaintiff had an agreement with an alleged agent of the benefit association that the association would carry out this understanding between deceased and her sons. The court held that under the facts as set out in the record there was no competent proof tending to show that the benefit association had ever bound itself to pay the plaintiff anything and that plaintiff was not entitled to recover.

APPEAL from the circuit court of Newton county.
HON. J. D. CARR, Judge.

Suit by Chester Thompson against the United Woodmen Benefit Association. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*D. M. Anderson,* for appellant.

*W. I. Munn,* for appellee.

Cook, P. J., delivered the opinion of the court.

This suit was begun in the court of a justice of the peace, and there a judgment was entered for the plaintiff, appellee here. Appellee appealed to the circuit court, and at the close of the evidence the trial judge instructed the jury to find for the plaintiff. The cause of action is stated thus:

"United Woodman Benefit Association in Account with Chester Thompson.

"July 31st, 1914.

"To damages on the life of Sarah Ann Thompson, deceased, one hundred and thirty-five dollars.

"The State of Mississippi, Newton County.

"Personally appeared before me the undersigned authority in and for said county and state, Chester Thompson, who makes affidavit that the foregoing account is true as stated and that same is now due and owing from the defendant to this plaintiff.

"Chester Thompson.

"Sworn to and subscribed before me this June 14, 1915. J. R. Rowzee, Notary Public."

The defendant, now appellant, when the case reached the circuit court, filed an affidavit denying the "open account."

We gather from the fragmentary evidence that Sarah Ann Thompson, deceased, was the mother of two sons, Chester Thompson, the plaintiff in this suit, and one Dave Thompson; that the life of Sarah was insured by the benefit association, presumably an insurance corporation, or benefit association; that Dave Thompson was the beneficiary named in the policy or benefit certificate issued on the life of Sarah; that the plaintiff by some sort of agreement or understanding was to share with his brother, Dave, the benefits named in the policy.

No benefit certificate or policy was produced at the trial, and we think we are authorized in stating that, had it been produced, the name of the plaintiff would not have appeared as a beneficiary.

Mr. J. R. Rowzee, an attorney at law, was introduced as a witness for plaintiff, and it appears from his evidence that he, representing the plaintiff, had some sort of an agreement with a negro whom he took to be S. A. Cowan, because he admitted that he was S. A. Cowan. It seems that the attorney had been paid one hundred dollars on the life of his (Chester's) mother, and that he had some correspondence with Cowan about the payment of the balance now sued for. The correspondence was not produced, or its absence accounted for.

The authority of Cowan was not proven, except by the statements Cowan made to the attorney. In fact, there is no competent proof tending to show that the benefit association had ever bound itself to pay to the plaintiff anything.

It is only by the most liberal construction of the evidence that we can arrive at the theory of plaintiff. Taking the evidence, competent and incompetent, together with the briefs of appellee, we might construct a theory. We would say that it was understood by the deceased and her two sons that her sons would share alike in the insurance on her life; that, after her death, the attorney for appellee had an agreement with one Cowan, an alleged agent of the benefit association, that the association would carry out this understanding between the deceased and her sons.

We are left to conjecture the contents of the policy or certificate. While the suit was based on a so-called open account, we are totally unable to understand how the benefit association could be held liable in any other way than by some contract with the deceased.

The peremptory instruction given for the plaintiff was manifest error.

*Reversed and remanded.*